UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

**TASHA VERHOVEN,**
725 Kensington Road
Neenah, WI 54956

       Plaintiff,

vs.

Case No. 22-CV-657

**ASCENSION HEALTH,**
Registered Agent:
Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

       and

**ASCENSION SHORT-TERM DISABILITY PAYROLL PROGRAM**,
Registered Agent:
Ascension Health
4600 Edmundson Road
St. Louis, MO 63134

       Defendants.

## COMPLAINT

The Plaintiff, Tasha Verhoven, by Hawks Quindel, S.C., for her complaint against the above-named Defendant, hereby states as follows:

### PARTIES

1.    Plaintiff is an adult resident of the State of Wisconsin and currently resides in Neenah, Wisconsin.

00909316

2. Defendant, Ascension Health, on information and belief is a corporation organized under the laws of Missouri, licensed to do business in Wisconsin.

3. Defendant, Ascension Short Term Disability Payroll Program (the Plan) is a self-funded employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 (ERISA) as amended, that has been in effect since at least January 1, 2021 and continues to the present time.

4. On information and belief, Ascension Health administers the Plan and pays claims thereunder.

## JURISDICTION & VENUE

5. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

6. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

7. Venue is proper in the Eastern District of Missouri pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), and because the Plan includes a mandatory forum selection clause electing this District as the proper venue.

8. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

9. Plaintiff is a former Registered Nurse for Ascension Health.

10. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including the short-term disability insurance (STDI) coverage provided by the Plan.

11. Plaintiff ceased working on or about April 19, 2021 due to her medical conditions, including depression, anxiety, and post-traumatic stress disorder.

12. Defendants approved Plaintiff's claim for STDI benefits from April 20, 2021 until June 21, 2021.

13. Plaintiff's STDI benefit is worth approximately $1,005.48 per week.

14. Defendants was responsible for determining whether Plaintiff was eligible for STDI benefits.

15. Defendants was responsible for paying Plaintiff's STDI benefits.

16. Defendants denied Plaintiff's STDI benefits claim beyond June 21, 2021.

17. Plaintiff timely appealed Defendants' denial of Plaintiff's benefits claim.

18. Plaintiff submitted complete medical documentation in support of Plaintiff's disability as part of the appeal.

19. Plaintiff submitted all information requested by the Defendants.

20. Defendants failed to consider the issues raised in Plaintiff's appeal.

21. Defendants ignored clear medical evidence of Plaintiff's medical conditions and disability.

22. Defendants did not perform a "full and fair review" of Plaintiff's claim.

23. Defendants failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

24. Defendants failed to adequately explain why it rejected specific evidence in Plaintiff's file.

25. Defendants failed to engage in a meaningful dialogue with Plaintiff.

26. Defendants failed to adequately explain its reasons for denying Plaintiff benefits.

27. Defendants conducted a selective review of Plaintiff's medical records.

28. Defendants failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

29. At all times material to this complaint, Plaintiff remained disabled as defined by the Plan.

30. At all times material to this case, the Plan has remained in full force and effect.

31. Defendants' denial of Plaintiff's claim STDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

**FIRST CAUSE OF ACTION:**
**DENIAL OF BENEFITS IN VIOLATION OF**
**SECTION 502(a)(1)(B) OF ERISA**

32. The preceding paragraphs are reincorporated by reference as though set forth here in full.

33. Plaintiff remained disabled, as that term is defined by the Plan, until her return to work on October 13, 2021.

34. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is *de novo* as the Plan has not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

35. Defendants wrongfully denied STDI benefits due to Plaintiff.

36. Alternatively, if a deferential standard of review applies, then Defendants arbitrarily, capriciously, and unreasonably denied Plaintiff benefits.

37. Defendants interpreted and applied the terms and conditions of the Plans in a manner that is inconsistent with the plain language contained therein.

38. Upon information and belief, Defendants inconsistently interpreted the terms and conditions of the Plans from one case to the next.

39. As both the payer of claims and the adjudicator of STDI claim eligibility, Defendants have an inherent conflict of interest.

40. Defendants' denial of Plaintiff's STDI benefits was "downright unreasonable."

41. For these and other reasons, Defendants wrongfully denied Plaintiff's claim for STDI benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Tasha Verhoven, demands judgment from the Defendants for the following:

  A. Payment of all retroactive STDI benefits owed to Plaintiff under the terms and conditions of the Plans;

  B. Prejudgment interest;

  C. Reasonable attorney's fees and costs related to the action; and

  D. Such other and further relief that the Court deems just and equitable.

Dated: June 21, 2022

        **HAWKS QUINDEL, S.C.**
        *Attorneys for Plaintiff, Tasha Verhoven*

        By: */s/ Brook E. Tylka*
        Brook E. Tylka, WI State Bar No. 1126886
        Email: btylka@hq-law.com
        409 East Main Street
        P.O. Box 2155
        Madison, Wisconsin 53701-2155
        Telephone: 608/257-0040
        Facsimile: 608/256-0236